ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MAMMOET-STARNETH, LLC, | Case No. 17-12925 (LSS) |
| Debtor.[1] | Re: D.I. 3 |

### INTERIM ORDER UNDER 11 U.S.C. §§ 105(a), 345, AND 363, FED. R. BANKR. P. 6003, AND DEL. BANKR. L.R. 2015-2 (I) AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS, CHECKS, AND BUSINESS FORMS, AND (II) AUTHORIZING CONTINUATION OF DEPOSIT PRACTICES

Upon the motion (the "Motion")[2] of the Debtor for entry of an Interim Order under sections 105(a), 345, and 363 of the Bankruptcy Code, Bankruptcy Rule 6003, and Local Rule 2015-2, (i) authorizing, but not directing, the Debtor to continue to maintain and use its existing bank accounts, checks, and business forms; (ii) granting the Debtor a waiver of certain bank account and related requirements of the Office of the U.S. Trustee for the District of Delaware as described herein; and (iii) authorizing, but not directing, the Debtor to continue to maintain and use certain deposit practices notwithstanding the provisions of section 345(b) of the Bankruptcy Code; and the Court having reviewed the Motion and the Lavooij Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest and should be granted on an interim basis to the extent set forth herein; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of

---

[1] The last four digits of the Debtor's federal tax identification number is 4518. The Debtor's address is 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

February 29, 2012; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on an interim basis, as set forth herein.

2. Pursuant to sections 363(c)(1) and 105(a) of the Bankruptcy Code, the Debtor is authorized to maintain and use the Prepetition Bank Accounts, as defined in the Motion, through the use of accurate and detailed records reflecting all transfers of funds under the terms and conditions provided for by the existing agreements with the banks at which the Prepetition Bank Accounts are maintained (each a "Bank" and, collectively, the "Banks"), except as modified by this Interim Order. In connection with the ongoing utilization of the Prepetition Bank Accounts, the Debtor shall continue to maintain accurate and detailed records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, and recorded properly and differentiated between pre- and post-petition transactions.

3. Any existing deposit agreements between the Debtor and the Banks shall continue to govern the postpetition cash management relationship between the Debtor and the Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect unless otherwise ordered by the Court, and the Debtor and the Banks may, without further order of this Court, agree to and implement changes to Prepetition Bank Accounts, including, without limitation, the opening and closing of bank accounts, subject to the terms and conditions of this Interim Order.

4. The Debtor is authorized to (i) maintain any and all of the Prepetition Bank Accounts in existence as of the Petition Date in the same manner and with the same account

numbers, styles, and document forms as are currently employed; (ii) pay ordinary course Bank Fees and Expenses in connection with the Prepetition Bank Accounts, including any fees arising prior to the Petition Date; (iii) perform its obligations under the documents and agreements governing the Prepetition Bank Accounts; (iv) for all purposes, treat the Prepetition Bank Accounts as accounts of the Debtor in its capacity as debtors in possession; and (v) deposit funds into and disburse funds from the Prepetition Bank Accounts in the ordinary course by all usual means, including checks, wire transfers, ACH transfers, drafts, and electronic fund transfers or other items presented, issued, or drawn on the Prepetition Bank Accounts.

5. The Banks and Debtor's financial institutions shall be, and hereby are, authorized, when requested by the Debtor in its sole discretion, (i) to process, honor, pay, and, if necessary, reissue any and all checks, including prepetition checks that the Debtor reissued postpetition, and electronic fund transfers drawn on the Debtor's bank accounts relating to payments permitted by an order of this Court, whether such checks were presented or fund transfer requests were submitted prior to or subsequent to the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments and (ii) to debit the Debtor's accounts in the ordinary course of business for all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to the Banks as service charges for the maintenance of the Debtor's cash management system.

6. As Wells Fargo is party to a Uniform Depository Agreement with the Office of the U.S. Trustee for the District of Delaware, within fifteen (15) days of entry of this Interim Order the Debtor shall (a) contact Wells Fargo, (b) provide Wells Fargo with the Debtor's employer identification number and (c) identify each of their bank accounts held at Wells Fargo as being held by a debtor in possession in a bankruptcy case and provide the case number.

7.  Pursuant to Local Rule 2015-2(a), the Debtor is authorized to continue to use their existing checks, correspondence, and other business forms without alteration or change and without the designation "Debtor in Possession" or a bankruptcy case number imprinted upon them. Notwithstanding the foregoing, once the Debtor's existing checks have been used, the Debtor shall, when reordering checks, require the designation "Debtor in Possession" and the corresponding bankruptcy case number on all checks; <u>provided</u> that, with respect to checks that the Debtor or its agents print themselves, the Debtor shall begin printing the "Debtor in Possession" legend on such items within ten (10) days of the date of entry of this Interim Order.

8.  *Nunc pro tunc* to the Petition Date, and subject to the terms of this Interim Order, all Banks at which the Prepetition Bank Accounts are maintained are authorized to continue to administer, service, and maintain the Prepetition Bank Accounts as such accounts were administered, serviced, and maintained prepetition, without interruption and in the ordinary course (including making deductions for Bank Fees and Expenses), and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Prepetition Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be, and, when requested by the Debtor in its sole discretion, to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, ACH transfers, electronic fund transfers, or other items presented, issued, or drawn on the Prepetition Bank Accounts on account of a claim against the Debtor arising on or after the Petition Date; <u>provided, however</u>, that unless otherwise ordered by the Court, no checks, drafts, electronic funds transfers (excluding any electronic funds transfer that the Banks are obligated to settle), or other items presented, issued, or drawn on the

Prepetition Bank Accounts on account of a claim against the Debtor arising prior to the Petition Date shall be honored.

9. The relief granted in this Interim Order is extended to any new bank account opened by the Debtor at the Banks after the date hereof.

10. All Banks maintaining any of the Prepetition Bank Accounts shall not honor or pay any bank payments drawn on the listed Debtor Bank Accounts or otherwise issued before the Petition Date for which the Debtor specifically issues stop payment orders in accordance with the documents governing such Prepetition Bank Accounts.

11. No Bank that implements such handling procedures and then honors a prepetition check or item drawn on any account that is the subject of this Interim Order (x) at the direction of the Debtor to honor such prepetition check or item, (y) in the good faith belief that the Court has authorized such prepetition check or item to be honored, or (z) as a result of a good faith error made despite implementation of such handling procedures, shall be deemed to be liable to the Debtor or its estates on account of such prepetition check or item being honored postpetition or otherwise in violation of this Interim Order.

12. The Debtor is authorized to close any of the Prepetition Bank Accounts or open any additional bank accounts following the Petition Date (the "Additional New Accounts") wherever the Debtor deems that such accounts are needed or appropriate. Notwithstanding the foregoing, the Debtor shall open such Additional New Account(s) at banks that have executed a Uniform Depository Agreement with the Office of the U.S. Trustee for the District of Delaware, or at such banks that are willing to immediately execute such an agreement, and any Additional New Account that the Debtor opens shall be (i) at Wells Fargo or with a bank that is organized under the laws of the United States of America or any state therein, and that is insured by the

FDIC or the Federal Savings and Loan Insurance Corporation and (ii) designated a "Debtor in Possession" account by the relevant bank. The Additional New Accounts are deemed to be Prepetition Bank Accounts and are similarly subject to the rights, obligations, and relief granted in this Interim Order. The Banks are authorized to honor the Debtor's requests to open or close (as the case may be) such Prepetition Bank Account(s) or Additional New Account(s), and accept and hold, or invest, the Debtor's funds in accordance with the Debtor's instructions; *provided* that the Banks shall not have any liability to any party for relying upon such representations. In the event that the Debtor opens or closes any Prepetition Bank Account(s) or Additional New Account(s), (1) the Debtor will give the U.S. Trustee for the District of Delaware 15 days' notice prior to such opening or closing (although this period may be shortened if the Debtor and the U.S. Trustee agree), and (2) the Debtor will indicate that opening or closing on the relevant monthly operating report.

13. The Debtor is authorized to deposit funds in accordance with existing practices under the Debtor's cash management system as in effect as of the Petition Date (subject to the modifications permitted by this Interim Order), and any other reasonable changes to the cash management system consistent with this Interim Order that the Debtor may implement.

14. In the course of providing cash management services to the Debtor, the Banks are authorized, without further order of this Court, to deduct the applicable Banks Fees and Expenses from the appropriate Prepetition Bank Accounts in the ordinary course of business, when such fees are otherwise due and payable.

15. Subject to the terms set forth herein, any bank, including the Banks, may rely upon the representations of the Debtor with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to

this or any other order of this Court, and the Banks shall not have any liability to any party for relying on such representations by the Debtor as provided for herein.

16. The requirement of the UST Guidelines to establish separate accounts for cash collateral and/or tax payments is hereby waived except as otherwise required by any applicable agreements between the Debtor and the Banks.

17. Nothing contained in the Motion or this Interim Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of the Debtor that did not exist as of the Petition Date, or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

18. Neither the provisions contained herein, nor any actions or payments made by the Debtor pursuant to this Interim Order, shall be deemed an admission as to the validity of the underlying obligation or a waiver of any rights the Debtor may have to dispute such obligation on any ground that applicable law permits.

19. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

20. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied because the relief set forth in this Interim Order is necessary to avoid immediate and irreparable harm.

21. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry hereof.

22. The Debtor is authorized to take such actions and to execute such documents necessary to effectuate the relief granted by this Interim Order.

23. The final hearing (the "Final Hearing") on the Motion shall be held on **January 8, 2018 starting at 2:00 p.m. (Eastern Standard Time)**. Any objections or responses to entry of a final order on the Motion shall be filed on or before **4:00 p.m. (Eastern Standard Time) on**

**December 28, 2017**, and shall be served on: (i) proposed co-counsel for the Debtor, Sills Cummis & Gross P.C., One Riverfront Plaza, Newark, NJ 07102, Attn: Andrew H. Sherman, Esq. (asherman@sillscummis.com) and Boris I. Mankovetskiy, Esq. (bmankovetskiy@sillscummis.com); (ii) proposed co-counsel for the Debtor, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King St., Wilmington, DE 19801, Attn: Jason M. Madron, Esq. (madron@rlf.com); and (iii) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Hannah McCollum, Esq. (Hannah.McCollum@usdoj.gov). In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

24.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Interim Order.

Dated: December 14, 2017
       Wilmington, Delaware

_____
THE HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE