# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MAMMOET-STARNETH LLC, | Case No. 17-12925 (LSS) |
| Debtor.[1] | **Hearing Date:**<br>**January 25, 2018 at 11:00 a.m.** |
| | **Objection Deadline:**<br>**December 29, 2017 at 4:00 p.m.** |

## DEBTOR'S MOTION FOR AN ORDER
## (A) APPROVING THE DISCLOSURE STATEMENT, (B) ESTABLISHING FORMS AND PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN, (C) ESTABLISHING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO THE CONFIRMATION OF THE PLAN, AND (D) GRANTING RELATED RELIEF

Mammoet-Starneth LLC (the "Debtor") files this motion (the "Motion") for the entry of a

proposed order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"),

pursuant to sections 327, 328, 1125 and 1126 of title 11 of the United States Code, 11 U.S.C. §§

101-1532 (the "Bankruptcy Code"), rules 2002, 2014, 3017, 3018 and 3020 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 2014-1, 3017-1 and 9006-1 of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules"):   (a) approving the *Disclosure Statement for the*

*Chapter 11 Plan of Liquidation of Mammoet-Starneth LLC* (including all exhibits thereto and as

amended, modified, or supplemented from time to time, the "Proposed Disclosure Statement")

[D.I. 50]; (b) establishing procedures for solicitation and tabulation of votes to accept or reject

---

[1] The last four digits of the Debtor's federal tax identification number is 4518.  The Debtor's address is 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

the *Chapter 11 Plan of Liquidation of Mammoet-Starneth LLC* (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan") [D.I. 49],[2] including (i) approving the form and manner of the solicitation packages, (ii) approving the form and manner of notice of the Confirmation Hearing (as defined below), (iii) establishing a voting record date and approving procedures for distributing the solicitation packages, (iv) approving the forms of ballots, (v) establishing the deadline for the receipt of ballots, and (vi) approving procedures for tabulating acceptances and rejections of the Plan; (c) establishing procedures with respect to, and the deadline for filing objections to, the confirmation of the Plan; and (d) granting related relief.  In support of this Motion, the Debtor respectfully states as follows:

## Jurisdiction and Venue

1.     The Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).[3]

2.     Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory predicates for the relief sought herein are sections 327, 328, 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 2002, 2014, 3016, 3017, 3018, and 3020, and Local Rules 2014-1, 3017-1 and 9006-1.

---

[2] Capitalized terms used but not defined in this Motion shall have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

[3] Under Local Rule 9013-1(f), the Debtor hereby confirms its consent to the entry of a final order by this Bankruptcy Court in connection with this Motion if it is later determined that this Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

## Background

4.      On December 13, 2017 (the "Petition Date"), the Debtor filed a voluntary petition with the Bankruptcy Court for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues to operate and manage its assets as a debtor-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On December 15, 2017, the Debtor filed, among other things, the Plan, the Disclosure Statement, and a notice of hearing to approve the Proposed Disclosure Statement, which will be served in accordance with Bankruptcy Rule 2002(b).

6.      Additional information on the Debtor's business and capital structure, as well as a description of the reasons for filing this case, is set forth in the *Declaration of Christiaan Lvooij in Support of First Day Motions* [D.I. 9].

## Relief Requested

7.      By this Motion, the Debtor respectfully requests entry of an order (a) approving the Proposed Disclosure Statement as containing "adequate information," as that term is defined in section 1125(a)(1) of the Bankruptcy Code; (b) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, including (i) approving the form and manner of the solicitation packages, (ii) approving the form and manner of notice of the Confirmation Hearing, (iii) establishing a voting record date and approving procedures for distributing the solicitation packages, (iv) approving the forms of ballots, (v) establishing the deadline for the receipt of ballots and (vi) approving procedures for tabulating acceptances and rejections of the Plan; (c) establishing procedures with respect to, and the deadline for filing objections to, the confirmation of the Plan; and (d) granting related relief.

RLF1 18617888v.1

8.      The following is a summary of the timeline proposed in this Motion:[4]

| Event | Date/Deadline |
|---|---|
| Voting Record Date | February 12, 2018 at 4:00 p.m. (Eastern Standard Time) |
| Solicitation Commencement Date | Two business days after entry of order approving Disclosure Statement (and not later than February 15, 2018) |
| Voting Objection Deadline | February 28, 2018, at 4:00 p.m. (Eastern Standard Time) |
| Confirmation Objection Deadline | March 8, 2018, at 4:00 p.m. (Eastern Standard Time) |
| Voting Deadline | March 8, 2018, at 4:00 p.m. (Eastern Standard Time) |
| Deadline to File Tabulation Report, Memorandum of Law in Support of Confirmation, Proposed Confirmation Order and Response to Objections to the Confirmation | March 13, 2018 at 12:00 p.m. (noon) (Eastern Daylight Time) |
| Confirmation Hearing | March 15, 2018 at [_____] a.m. (Eastern Daylight Time) |

9.      The Debtor requests a waiver of (i) Section 2(a)(vi) of the Court's General Chambers Procedures in order to file a brief in support of confirmation that exceeds the 40-page limit and (ii) Local Rule 9006-1 with respect to the timing of filing a response to any objections to the confirmation of the Plan and filing of the confirmation brief to allow for filing within the dates and deadlines proposed herein.  Such anticipated filings would be made prior to the filing of the agenda for the Confirmation Hearing, by **12:00 p.m. (noon) (Eastern Daylight Time) on March 13, 2018** (two days prior to the Confirmation Hearing).

---

[4]  The forms of notices attached to this Motion contain dates proposed by the Debtor.  These dates are subject to the availability of the Court and may change.

## Basis for Relief Requested

### I.    Approval of the Proposed Disclosure Statement

10.    Pursuant to section 1125 of the Bankruptcy Code, a plan proponent must provide

holders of impaired claims with "adequate information" regarding a proposed chapter 11 plan.

In that regard, section 1125(a)(1) of the Bankruptcy Code provides in pertinent part that:

> "adequate information" means information of a kind, and in
> sufficient detail, as far as is reasonably practicable in light
> of the nature and history of the debtor and the condition of
> the debtor's books and records, including a discussion of
> the potential material Federal tax consequences of the plan
> to the debtor, any successor to the debtor, and a
> hypothetical investor typical of the holders of claims or
> interests in the case, that would enable such a hypothetical
> investor of the relevant class to make an informed
> judgment about the plan . . . .

11 U.S.C. § 1125(a)(1). Thus, a disclosure statement must, as a whole, provide information that

is "reasonably practicable" to permit an "informed judgment" by creditors and interest holders

entitled to vote on the plan. *See In re Phoenix Petroleum Co.*, 278 B.R. 385, 392 (Bankr. E.D.

Pa. 2001); *In re Dakota Rail, Inc.*, 104 B.R. 138, 142 (Bankr. D. Minn. 1989); *see also In re*

*Copy Crafters Quickprint Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (adequacy of

disclosure statement "is to be determined on a case-specific basis under a flexible standard that

can promote the policy of Chapter 11 towards fair settlement through a negotiation process

between informed interested parties"). Fundamentally, a disclosure statement "must clearly and

succinctly inform the average unsecured creditor what it is going to get, when it is going to get it,

and what contingencies there are to getting its distribution." *In re Ferretti*, 128 B.R. 16, 19

(Bankr. D.N.H. 1991).

11.    In examining the adequacy of the information contained in a disclosure statement,

a bankruptcy court has broad discretion. *See Texas Extrusion Corp. v. Lockheed Corp. (In re*

*Texas Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988); *see also In re Oxford Homes*, 204

B.R. 264, 269 (Bankr. D. Me. 1997) (finding that Congress intentionally drew vague contours of

what constitutes adequate information so that bankruptcy courts could exercise discretion to

tailor them to each case's particular circumstances); *In re Dakota Rail*, 104 B.R. at 143 (holding

that the bankruptcy court has "wide discretion to determine . . . whether a disclosure statement

contains adequate information, without burdensome, unnecessary, and cumbersome detail").

Accordingly, the determination of whether a disclosure statement contains adequate information

is to be made on a case-by-case basis, focusing on the unique facts and circumstances of each

case. *See Phoenix Petroleum*, 278 B.R. at 393; *Kirk v. Texaco, Inc.*, 82 B.R. 678, 682 (S.D.N.Y.

1988) ("[t]he legislative history could hardly be more clear in granting broad discretion to

bankruptcy judges under § 1125(a)").

12.    In that regard, courts generally examine whether a disclosure statement contains,

if applicable, information such as:

a)    the circumstances that gave rise to the filing of the bankruptcy petition;

b)    an explanation of the available assets and their value;

c)    the anticipated future of the debtor;

d)    the source of the information provided in the disclosure statement;

e)    one or more disclaimers, which typically indicate that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

f)    the condition and performance of the debtor while in chapter 11;

g)    claims against the estate;

h)    a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;

i)    the accounting and valuation methods used to produce the financial information in the disclosure statement;

j)   the future management of the debtor, including the amount of compensation to be paid to any insiders, directors and/or officers of the debtor;

k)   a summary of the plan of reorganization or liquidation;

l)   an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

m)   the collectability of any accounts receivable;

n)   any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

o)   the risks to creditors and interest holders under the plan;

p)   the actual or projected value that can be obtained from avoidable transfers;

q)   the existence, likelihood and possible success of nonbankruptcy litigation;

r)   the tax consequences of the plan; and

s)   the relationship of the debtor with its affiliates.

*See, e.g., In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988). The foregoing list is not meant to be comprehensive and a debtor need not provide all the information on the list. Rather, the court must decide what is appropriate in each case. *See Ferretti*, 128 B.R. at 18-19 (adopting similar list); *see also Phoenix Petroleum*, 278 B.R. at 393 (cautioning that "no one list of categories will apply in every case").

13.   The Proposed Disclosure Statement contains, or will contain, more than sufficient detail to permit holders of claims entitled to vote on the Plan to make an informed judgment whether to accept or reject the Plan. Indeed, the Proposed Disclosure Statement currently contains, and will contain, information with respect to many applicable subject matter categories identified above, including a discussion of:

a)   the circumstances that gave rise to the filing of the bankruptcy petition (Articles II and III);

b)     an explanation of the available assets and their value (Article II);

c)     the anticipated future of the debtor (Articles I and III-V);

d)     the source of the information provided in the disclosure statement (Introduction and Article VII);

e)     one or more disclaimers, which typically indicate that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement (Introduction);

f)     the condition and performance of the debtor while in chapter 11 (Article IV);

g)     claims against the estate (Articles I-III);

h)     a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7 (Exhibit C);

i)     a summary of the Plan (Articles I and V);

j)     an estimate of all administrative expenses, including attorneys' fees and accountants' fees (Article I);

k)     any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

l)     the risks to creditors and interest holders under the plan (Article VII);

m)     the actual or projected value that can be obtained from avoidable transfers (Article V);

n)     the existence, likelihood and possible success of nonbankruptcy litigation (Articles II-III and VII);

o)     the tax consequences of the plan (Article VIII); and

p)     the relationship of the debtor with its affiliates (Article II).

14.     The Proposed Disclosure Statement also contains relevant information and disclosures regarding, among other things, (a) the purposes of the Chapter 11 Case and Plan (Articles III and IV); (b) the Debtor's prepetition indebtedness (Article II); (c) exclusive authorization to make the statements set forth in the Proposed Disclosure Statement and Plan

(Introduction); (d) releases and injunctions contained in the Plan (Articles I and V); and (e) the confirmation process and requirements for confirmation of the Plan (Articles I and VI).

15.    The Debtor has made every effort to propose a disclosure statement that makes the Plan and confirmation process understandable and intends to amend the Proposed Disclosure Statement prior to the hearing on this Motion to incorporate any additional necessary information. The Debtor believes that the Proposed Disclosure Statement contains, and will contain, "adequate information" as that phrase is defined in section 1125(a)(1) of the Bankruptcy Code. Accordingly, the Debtor requests that the Proposed Disclosure Statement be approved.

## II.    Establishing Procedures for Solicitation of the Plan

### A.    Approval of Form and Manner of Solicitation Package

16.    Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims for the purpose of soliciting their votes and providing adequate notice of the hearing on confirmation of a plan of reorganization:

> Upon approval of a disclosure statement,—except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders—the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee:
>
> (1)    the plan or a court-approved summary of the plan;
>
> (2)    the disclosure statement approved by the court;
>
> (3)    notice of the time within which acceptances and rejections of the plan may be filed; and
>
> (4)    any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan . . . .

Fed. R. Bankr. P. 3017(d).

17.    As further discussed below, if the Bankruptcy Court approves the Proposed Disclosure Statement (as approved, the "Disclosure Statement") as containing adequate information pursuant to section 1125 of the Bankruptcy Code, the Debtor proposes to distribute by first class mail to holders of claims in the classes entitled to vote on the Plan (the "Voting Classes")[5] the Confirmation Hearing Notice (as defined below), as well as a package containing solicitation materials (the "Solicitation Package") including:

a)    the Bankruptcy Court's order approving the Proposed Disclosure Statement (the "Disclosure Statement Order"), excluding the exhibits annexed thereto;

b)    the applicable ballot (a "Ballot"), the proposed form of which is annexed to the Proposed Order as Exhibit 2, together with a pre-paid, pre-addressed return envelope and a CD-ROM or USB flash drive containing the Disclosure Statement (with the Plan and other exhibits annexed thereto); and

c)    any supplemental documents filed with the Bankruptcy Court and such other materials as the Bankruptcy Court may direct, including any letters in support of the Plan.

The Debtor submits that such materials and manner of service satisfy the requirements of Bankruptcy Rule 3017(d).

18.    Solicitation Packages (except for Ballots) may also be obtained (i) by writing to the Debtor's proposed balloting agent (the "Balloting Agent"), Rust Consulting/Omni

---

[5] The Voting Classes consist of Class 3 (General Unsecured Claim), Class 4 (Rejection Damages Claims), Class 5 (Litigation Claims), and Class 6 (MUSA Claim).

Bankruptcy ("Rust Omni")[6], at the following address or email address: Mammoet-Starneth LLC Balloting c/o Rust Consulting/Omni Bankruptcy, Attn: Paul Deutsch, Esq., 1120 Avenue of the Americas, 4th Floor, New York, New York 10036 or paul@omnimgt.com (and reference "Mammoet-Starneth LLC" in the subject line); or (ii) on the Bankruptcy Court's website, http://www.deb.uscourts.gov (a PACER login and password are required to access documents on the Bankruptcy Court's website).

### B.    Approval of Form and Manner of Confirmation Hearing Notice

19.    Upon approval of the Proposed Disclosure Statement pursuant Disclosure Statement Order, the Debtor will serve either (i) on Voting Classes, written notice (the "Confirmation Hearing Notice") substantially in the form annexed to the Proposed Order as Exhibit 1, of (a) the Bankruptcy Court's approval of the Proposed Disclosure Statement, (b) the Voting Deadline (as defined below), (c) the time, date, and place for the Confirmation Hearing (as defined below), and (d) the deadline and procedures for filing objections to the confirmation of the Plan and/or electing to opt out of the releases and injunctions contained in the Plan, together with the Solicitation Package; or (ii) on non-voting classes, a written notice (the "Notice of Non-Voting Status and Confirmation Hearing") substantially in the form annexed to the Proposed Order as Exhibit 3, which sets forth certain information regarding the Confirmation Hearing and related deadlines.  The relevant notices will be served on the appropriate parties by first class mail.

20.    Consistent with section 1126(f) of the Bankruptcy Code and Bankruptcy Rule 3017(d), with respect to holders of Administrative Claims, Priority Tax Claims, and holders of claims in Class 1 (Other Priority Claims) and Class 2 (Other Secured Claims) (collectively, the "Unclassified/Unimpaired Creditors"), which classes are unclassified or conclusively presumed

---

[6] The Debtor intends to file an application to retain and employ Rust Omni as soon as practicable.

to have accepted the Plan, the Debtor proposes to send the Notice of Non-Voting Status and Confirmation Hearing to such creditors.

21.     Furthermore, consistent with section 1126(g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), with respect to holders of interests in Class 6 (Equity Interests) (the "Rejecting Parties"), which class is conclusively presumed to reject the Plan, in lieu of a Solicitation Package, the Debtor proposes to send to such holders only the Notice of Non-Voting Status and Confirmation Hearing.

22.     The Notice of Non-Voting Status and Confirmation Hearing sets forth, among other things, (a) the Plan's treatment of the Unclassified/Unimpaired Creditors and Rejecting Parties, (b) the Plan's release and injunction provisions, and (c) the manner in which a copy of the Plan and the Disclosure Statement may be obtained.

23.     The Debtor submits that such notices satisfy the requirements of the Bankruptcy Code and Bankruptcy Rule 3017(d).  Accordingly, the Debtor requests that the Bankruptcy Court determine that they are not required to distribute copies of the Plan, Disclosure Statement, or Disclosure Statement Order to any of the Unclassified/Unimpaired Creditors, which are deemed to accept the Plan, or to any of the Rejecting Parties, which are deemed to reject the Plan, unless requested by any of such creditors or interest holders in writing or otherwise required to do so under the terms of the Disclosure Statement Order.

C.     **Establishment of Voting Record Date and Approving of Procedures for Distribution of Solicitation Packages**

24.     Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a bankruptcy plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for

cause, after notice and a hearing." Fed R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.

25.     The Debtor requests that the Bankruptcy Court establish **February 12, 2018 at 4:00 p.m. (Eastern Standard Time)**, as the record date (the "Voting Record Date") for purposes of determining the creditors that are entitled to vote (subject to the voting procedures set forth below) on the Plan or, in the case of non-voting classes, for purposes of determining the creditors and interest holders to receive certain plan-related materials. The Debtor expects that it will be able to commence distribution of the Confirmation Hearing Notice and Solicitation Package to the Voting Classes and the Notice of Non-Voting Status and Confirmation Hearing to parties-in-interest outside of the Voting Classes, as set forth herein, within two business days after the date of entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter (the "Solicitation Commencement Date").

26.     The Debtor shall cause to be distributed the Disclosure Statement Order (excluding exhibits thereto), the Confirmation Hearing Notice, the Disclosure Statement (together with the Plan and other exhibits annexed thereto), and such other materials as the Bankruptcy Court may direct (excluding a Ballot) to, among other parties (to the extent such parties did not otherwise receive the Solicitation Package):

a)     the U.S. Trustee;

b)     the Internal Revenue Service;

c)     the United States Attorney for the District of Delaware; and

d)     all persons and entities that have filed a request for service of filings in this Chapter 11 Case pursuant to Bankruptcy Rule 2002.

27.     Copies of the Plan and Disclosure Statement will be available: (i) by writing to the Debtor's proposed Balloting Agent, Rust Omni, at the following address or email address:

Mammoet-Starneth LLC Balloting c/o Rust Consulting/Omni Bankruptcy, Attn: Paul Deutsch, Esq., 1120 Avenue of the Americas, 4th Floor, New York, New York 10036 or paul@omnimgt.com (and reference "Mammoet-Starneth LLC" in the subject line); or (ii) on the Bankruptcy Court's website, http://www.deb.uscourts.gov (a PACER login and password are required to access documents on the Bankruptcy Court's website).

28.     The Debtor anticipates that some of the notices served in this Chapter 11 Case, including notices of the hearing to approve the Disclosure Statement and notices of the commencement of the Chapter 11 Case, have been or may be returned, including because certain notice parties have foreign addresses. The Debtor believes that it would be costly and inefficient to distribute the Solicitation Package to the same addresses to which undeliverable notices were previously distributed. Therefore, the Debtor seeks the Bankruptcy Court's approval for a departure from the strict notice rule, excusing the Debtor from distributing Solicitation Packages to those entities listed at such addresses if the Debtor is not provided with updated addresses for such entities before the Solicitation Commencement Date. Further, if the Debtor sends Solicitation Packages that are deemed undeliverable and are not provided with a forwarding or more updated address, the Debtor seek to be excused from attempting to re-deliver Solicitation Packages to such entities. The Debtor submits that good cause exists for implementing the aforementioned notice and service procedures.

### D.    Approval of Forms of Ballot

29.     Bankruptcy Rule 3017(d) requires the Debtor to mail a form of ballot to "creditors and equity security holders entitled to vote on the plan." The Debtor proposes to distribute to each holder of Claims in the Voting Classes a Ballot substantially in the form annexed as **Exhibit 2** to the Proposed Order. The form of Ballot is based upon Official Form No. B314, but has been modified to address the particular aspects of the Chapter 11 Case and to include certain

14

additional information that the Debtor believes to be relevant and appropriate for the applicable classes of claims that are entitled to vote to accept or reject the Plan, including information regarding the releases and injunctions contained in the Plan.

### E.    Establishment of Deadline for Receipt of Ballots

30.    Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court shall fix a time within which the holders of claims or equity security interests may accept or reject a plan.  The Debtor has developed the proposed schedule to allow for a solicitation period in the Chapter 11 Case of at least 28 days, which the Debtor believes is appropriate in light of the circumstances of the case and consistent with the requirements set forth in Bankruptcy Rule 2002(b).  Accordingly, the Debtor proposes that in order to be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed, and delivered to the Balloting Agent so as to be received by the Balloting Agent no later than **4:00 p.m. (Eastern Standard Time) on March 8, 2018** or such other date as agreed to by the Debtor or otherwise ordered by the Bankruptcy Court (the "Voting Deadline") as set forth below.  The Debtor submits that such solicitation period is a sufficient period within which creditors can make an informed decision to accept or reject the Plan and/or the releases and injunctions set forth therein in light of the circumstances of the case and the amount of parties in interest.  *See, e.g.*, *In re La Paloma Generating Company, LLC*, Case No. 16-12700 (CSS); *In re Roadhouse Holding Inc., et. al.*, Case No. 16-11819 (BLS) (Bankr. D. Del. Sept. 28, 2016); and *In re Altegrity, Inc., et al.*, Case No. 15-10226 (LSS) (Bankr. D. Del. May 15, 2015).

31.    Except as otherwise set forth in the Proposed Order, Ballots must be delivered via first class mail, overnight courier, or hand delivery so as to be actually received by the Balloting Agent no later than the Voting Deadline at the following address in accordance with the voting procedures set forth below:

Mammoet-Starneth LLC Balloting
c/o Rust Consulting/Omni Bankruptcy
Attn: Paul Deutsch, Esq.
1120 Avenue of the Americas, 4th Floor
New York, New York 10036

THE DEBTOR IN ITS SOLE DISCRETION MAY ACCEPT BALLOTS SUBMITTED BY FACSIMILE, E-MAIL, OR OTHER MEANS NOT SPECIFICALLY APPROVED BY THE COURT.

**A.    Approval of Procedures for Vote Tabulation**

32.    Section 1126(c) of the Bankruptcy Code provides as follows:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).

33.    Further, Bankruptcy Rule 3018(a) provides that "the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).

*i.    Ballot Tabulation*

34.    For purposes of voting on the Plan, with respect to all creditors of the Debtor, the Debtor proposes that the amount of a claim used to tabulate acceptance or rejection of the Plan should be, as applicable:

a)    The amount of the claim listed in the Debtor's schedules of assets and liabilities (the "Schedules"); provided that (i) such claim is not scheduled as any of contingent, unliquidated, undetermined, disputed or in a zero dollar amount and (ii) no proof of claim has been timely filed (or otherwise deemed timely filed by the Bankruptcy Court under applicable law) with respect to such claim.

b)      The noncontingent and liquidated amount specified in a proof of claim timely filed with the Bankruptcy Court (or otherwise deemed timely filed by the Bankruptcy Court under applicable law) to the extent the proof of claim is not the subject of an objection filed no later than **February 28, 2018 at 4:00 p.m. (Eastern Standard Time)** (the "Voting Objection Deadline") (or, if such claim has been resolved for allowance and/or voting purposes pursuant to a stipulation or order entered by the Bankruptcy Court, or otherwise resolved by the Bankruptcy Court, the amount set forth in such stipulation or order).

c)      If a proof of claim has been timely filed prior to the applicable bar date and such claim is asserted in the amount of $0.00, such claim shall not be entitled to vote.

d)      Notwithstanding anything to the contrary in these tabulation rules, the holder of any claim that has been indefeasibly paid, in full or in part, shall only be permitted to vote the unpaid amount of such claim, if any, to accept or reject the Plan.

e)      The amount temporarily allowed or estimated by the Bankruptcy Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), subject to notice consistent with the procedures set forth herein, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

f)      If a claim for which a proof of claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Debtor or the Balloting Agent) and such claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

g)      If a claim is listed on a timely filed proof of claim as either wholly or partially contingent or unliquidated, such claim is temporarily allowed in the amount that is the greater of (i) the liquidated and non-contingent amount and (ii) $1.00, for voting purposes only, and not for purposes of allowance or distribution.

h)      If a claim is deemed allowed under the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan.

i)      If a claim is not listed in the Schedules or is listed in the Schedules as contingent, unliquidated, or disputed (or in a zero amount) and a proof of claim was not (a) filed by the applicable bar date for the filing of proofs of claim established by the Bankruptcy Court or (b) deemed timely filed by an order of the Bankruptcy Court prior to the Voting Deadline, such claim shall be disallowed for voting purposes.

RLF1 18617888v.1

j)      If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtor has objected to such amended claim.  Except as otherwise ordered by the Bankruptcy Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

35.     The temporary allowance of Claims for voting purposes does not constitute an allowance of Claims for purposes of distribution under the Plan and is without prejudice to the rights of the Debtor in any other context, including the right of the Debtor to contest the amount or validity of any Claim for purposes of allowance under the Plan.

36.     Additionally, the Debtor seeks authorization from the Bankruptcy Court to object to any claim (as defined in section 101(5) of the Bankruptcy Code) solely for Plan voting purposes by filing a determination motion (the "Determination Motion") no later than the Voting Objection Deadline.  If an objection to a claim requests that such claim be reduced or reclassified, such claimant's Ballot shall be counted in such reduced amount or as falling into the reclassified category.  Further, if a creditor casts a Ballot and has timely filed a proof of claim (or has otherwise had a proof of claim deemed timely filed by the Bankruptcy Court under applicable law), but the creditor's claim is the subject of an objection filed no later than the Voting Objection Deadline, the Debtor requests, in accordance with Bankruptcy Rule 3018, that the creditor's Ballot not be counted, unless such claim is temporarily allowed by the Bankruptcy Court for voting purposes pursuant to Bankruptcy Rule 3018(a) after the creditor files a motion for such temporary allowance (the "Claims Estimation Motion").[7]

---

[7] This proposed procedure is consistent with section 1126 of the Bankruptcy Code, which provides that a plan may be accepted or rejected by the holder of a claim allowed under section 502 of the Bankruptcy Code.  In turn, section 502(a) of the Bankruptcy Code provides that a filed proof of claim is deemed allowed "unless a party in interest . . . objects." 11 U.S.C. § 502(a).

37.     If a creditor seeks to have its claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), the Debtor requests that such creditor be required to file a Claims Estimation Motion for such temporary allowance by the later of (a) the Voting Objection Deadline or (b) if such claim is the subject of an objection or a Determination Motion, seven (7) days after the filing of the applicable objection or Determination Motion.

38.     In the event that a Determination Motion or Claims Estimation Motion is filed, the Debtor requests that the Bankruptcy Court allow the non-moving party to file a reply to such motion by the later of (i) the Voting Objection Deadline, or (ii) seven (7) days after the filing of the applicable motion (the "Voting Objection Reply Deadline").  A hearing will be scheduled (subject to the Bankruptcy Court's availability) on such motion within seven days of the Voting Objection Reply Deadline but in no event later than the Confirmation Hearing.  The Debtor further requests that the ruling by the Bankruptcy Court on any Determination Motion or Claims Estimation Motion be considered a ruling with respect to the allowance of the claim(s) under Bankruptcy Rule 3018 and such claim(s) be counted, for voting purposes only, in the amount determined by the Bankruptcy Court.

39.     The Debtor proposes that, in the event a claimant reaches an agreement with the Debtor as to the treatment of its claim for voting purposes, the claim may be treated in such manner subject to providing three (3) business days' notice to the U.S. Trustee.

40.     The Debtor further requests that the following voting procedures and standard assumptions be used in tabulating the Ballots:

a)      For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code and based on the reasonable efforts of the Balloting Agent, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtor in such

class, and the votes related to such claims will be treated as a single vote to accept or reject the Plan.

b)   Any creditor who holds duplicate claims within the same class shall be provided with only one Solicitation Package and one Ballot for voting a single claim in such class, regardless of whether the Debtor has objected to such duplicate claims.

c)   Creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a Ballot (or multiple Ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will not be counted.

d)   Ballots that fail to indicate an acceptance or rejection of the Plan or that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

e)   Only Ballots that are timely received with signatures will be counted. Unsigned Ballots will not be counted.

f)   Ballots sent by mail or overnight delivery that are postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

g)   Ballots which are illegible, or contain insufficient information to permit the identification of the creditor, will not be counted.

h)   Ballots transmitted to the Balloting Agent by facsimile, electronic mail, or other means not specifically approved by the Bankruptcy Court may be accepted by the Debtor in its sole discretion on a case-by-case basis.

i)   Whenever a creditor casts more than one Ballot voting the same claim prior to the Voting Deadline, the last valid Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior received Ballots.

j)   If a creditor simultaneously casts inconsistent duplicate Ballots with respect to the same claim, such Ballots shall not be counted.

k)   Each creditor shall be deemed to have voted the full amount of its claim in a class. Unless otherwise ordered by the Bankruptcy Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots shall be determined by the Balloting Agent and the Debtor, which determination shall be final and binding.

RLF1 18617888v.1

l)  Any Ballot containing a vote that the Bankruptcy Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code shall not be counted.

m)  Any Ballot cast by a person or entity that does not hold a Claim in a class that is entitled to vote to accept or reject the Plan shall not be counted.

n)  Notwithstanding anything contained herein to the contrary, the Balloting Agent, in its discretion, may contact parties that submitted Ballots to cure any defects in the Ballots.

o)  Any class that does not have a holder of an allowed claim or a claim temporarily allowed by the Bankruptcy Court as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such class pursuant to section 1129(a)(8) of the Bankruptcy Code.

p)  If a class contains claims eligible to vote and no holders of claims eligible to vote in such class vote to accept or reject the Plan, the Plan shall be deemed accepted by the holders of such claims in such class.

q)  Unless waived, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtor or the Bankruptcy Court determines. Neither the Debtor nor any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor shall any incur any liabilities for failure to provide such notification. Unless otherwise directed by the Bankruptcy Court, delivery of such Ballots shall not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) shall not be counted.

r)  The Debtor, in its discretion, and subject to contrary order of the Bankruptcy Court, may waive any defect in any Ballot at any time, either before or after the Voting Deadline and without notice, and any such waivers shall be documented in the voting results filed with the Bankruptcy Court.

s)  Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtor may, in its discretion, reject such Ballot as invalid, and therefore, decline to utilize it in connection with confirmation of the Plan by the Bankruptcy Court; provided, however, that such invalid Ballots shall be documented in the voting results filed with the Bankruptcy Court.

t)      Subject to contrary order of the Bankruptcy Court, the Debtor reserves the absolute right to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of the Debtor, not be in accordance with the provisions of the Bankruptcy Code; provided, however, that such invalid Ballots shall be documented in the voting results filed with the Bankruptcy Court.

41.     Similar procedures have been approved in other chapter 11 cases. *See, e.g., In re La Paloma Generating Company, LLC*, Case No. 16-12700 (CSS) (Bankr. D. Del. Sept. 28, 2017); *In re Hancock Fabrics, et al.*, Case No. 16-10296 (BLS) (Bankr. D. Del. May 5, 2017); *In re Triangle USA Petroleum Corp.*, Case No. 16-11566 (MFW) (Bankr. D. Del. Jan. 13, 2017); *In re AF-Southeast, LLC, et al.*, Case No. 16-11008 (KG) (Bankr. D. Del. Oct. 11, 2016); *In re Roadhouse Holding Inc., et. al.*, Case No. 16-11819 (BLS) (Bankr. D. Del. Sept. 28, 2016); *In re Chaparral Energy, Inc., et al.*, Case No. 16-11144 (LSS) (Bankr. D. Del. May 9, 2016); *In re Altegrity, Inc., et al.*, Case No. 15-10226 (LSS) (Bankr. D. Del. May 15, 2015); *In re Trump Entertainment Resorts, Inc.*, Case No. 14-12103 (KG) (Bankr. D. Del. Jan. 30, 2015). The Debtor submits that such procedures provide for a fair and equitable voting process.

## III.    Establishment of Deadline and Procedures for Filing Objections to the Confirmation of the Plan

### A.    Scheduling the Confirmation Hearing

42.     Bankruptcy Rule 3017(c) provides:

> On or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation.

Fed. R. Bankr. P. 3017(c).

43.     In accordance with Bankruptcy Rule 3017(c), the Debtor requests that a hearing on confirmation of the Plan (the "Confirmation Hearing") be scheduled for **March 15, 2018 at [_____] a.m. (Eastern Daylight Time)**.

44.     The Debtor proposes that, no later than **12:00 p.m. (noon) (Eastern Daylight Time) on March 13, 2018** (two business days prior to the Confirmation Hearing), the Balloting Agent will file with the Bankruptcy Court a tabulation report for Plan voting and the Debtor will file with the Bankruptcy Court a proposed form of confirmation order, a declaration in support of confirmation addressing the requirements of section 1129(a) of the Bankruptcy Code, and replies to any objections received by the Confirmation Objection Deadline.[8]

45.     The Debtor requests that the Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Debtor without further notice other than adjournments announced in open court or the filing of a notice or hearing agenda providing for the adjournment on the docket of the Chapter 11 Case.  The proposed timing for the Confirmation Hearing is in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and will enable the Debtor to pursue confirmation of the Plan in a timely fashion.

### B.     Establishing Procedures for the Confirmation Hearing

46.     Bankruptcy Rules 2002(b) and 3017(d) require not less than 28 days' notice to all creditors and equity security holders of the time fixed for filing objections and the hearing to consider confirmation of a chapter 11 plan.   In accordance with Bankruptcy Rules 2002 and 3017(d), the Debtor proposes to provide to all creditors and interest holders a copy of either the Confirmation Hearing Notice or the Notice of Non-Voting Status and Confirmation Hearing, as proposed herein, setting forth (a) the date of approval of the Disclosure Statement, (b) the Voting Record Date, (c) the Voting Deadline, (d) the time fixed for filing objections to confirmation of

---

[8] As set forth above, the Debtor requests a waiver of (i) Section 2(a)(vi) of the Court's General Chambers Procedures in order to file a brief in support of confirmation that exceeds the 40-page limit and (ii) Local Rule 9006-1 with respect to the timing of responses to objections and filing of the confirmation brief to allow for filing within the dates and deadlines proposed herein. Such filings would be made prior to the filing of the agenda for the Confirmation Hearing, by **12:00 p.m. (noon) (Eastern Daylight Time) on March 13, 2018** (*i.e.*, two days prior to the Confirmation Hearing).

the Plan and/or electing to opt out of the releases and injunctions contained in the Plan, and (e) the time, date, and place for the Confirmation Hearing.  Such notice will be sent at least 28 days before the deadline to object to confirmation of the Plan.

47.     Bankruptcy Rule 2002(1) permits the Bankruptcy Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."  In addition to mailing the Confirmation Hearing Notice, the Debtor proposes to publish the Confirmation Hearing Notice once, as soon as reasonably practical after the entry of the Disclosure Statement Order, in the *Wall Street Journal*, *USA Today* and *Staten Island Advance*. The Debtor believes that publication of the Confirmation Hearing Notice will provide sufficient notice of the approval of the Disclosure Statement; the Voting Record Date; the Voting Deadline; the time fixed for filing objections to confirmation of the Plan; and the time, date, and place of the Confirmation Hearing to persons who do not otherwise receive actual written notice by mail as provided for in the Disclosure Statement Order.

48.     The Debtor submits that the foregoing procedures will provide adequate notice of the Confirmation Hearing and, accordingly, requests that the Bankruptcy Court approve such notice as adequate.

**C.     Establishing     Procedures     for     the     Filing     of     Objections to the Confirmation of the Plan**

49.     Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court."  The Confirmation Hearing Notice provides, and the Debtor requests the Bankruptcy Court to direct, that objections to the confirmation of the Plan or proposed modifications to the Plan, if any, must:

a)     be in writing;

b)     comply with the Bankruptcy Rules and the Local Rules;

    c)     set forth the name of the objector and the nature and amount of any Claim or Equity Interest asserted by the objector against or in the Debtor;

    d)     state with particularity the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan that would resolve such objection; and

    e)     be filed with the Bankruptcy Court, together with proof of service, and served so that they are actually received by the Notice Parties (as defined below) no later than **March 8, 2018 at 4:00 p.m. (Eastern Standard Time)** which deadline may be extended by the Debtor in its sole discretion (the "Confirmation Objection Deadline"). The proposed timing for filing and service of objections and proposed modifications, if any, will afford the Bankruptcy Court, the Debtor, and other parties in interest sufficient time to consider the objections and proposed modifications prior to the Confirmation Hearing.

50.     "Notice Parties" means, collectively: (i) counsel to the Debtor, Sills Cummis & Gross P.C., One Riverfront Plaza, Newark, New Jersey 07102, Attn: Andrew H. Sherman and Boris I. Mankovetskiy, with copy to Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Jason M. Madron; (ii) the Office of the United States Trustee, J. Caleb Boggs Federal Building, Room 2207, 844 North King Street, Wilmington, Delaware 19801, Attn: Hannah McCollum; and (iii) all parties that have requested notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002.

### Notice

51.     Notice of this Motion shall be provided on the date hereof via U.S. first class mail to: (i) the U.S. Trustee; (ii) the holders of the 20 largest unsecured claims against the Debtor; (iii) the Internal Revenue Service; and (vii) all persons and entities that have filed a request for service of filings in the Chapter 11 Case pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

**Conclusion**

WHEREFORE, the Debtor respectfully requests that the Bankruptcy Court enter the

Proposed Order, substantially in the form attached hereto as **Exhibit A**, and grant such other and

further relief as the Bankruptcy Court deems just and proper.

Dated: December 15, 2017
      Wilmington, Delaware

                Mark D. Collins (No. 2981)
                Jason M. Madron (No. 4431)
                RICHARDS, LAYTON & FINGER, P.A.
                One Rodney Square
                920 North King St.
                Wilmington, DE 19801
                Telephone: 302-651-7700
                Facsimile: 302-651-7701
                E-mail:collins@rlf.com
                      madron@rlf.com

                - and -

                Andrew H. Sherman
                Boris I. Mankovetskiy
                SILLS CUMMIS & GROSS P.C.
                One Riverfront Plaza
                Newark, NJ 07102
                Telephone:  973-643-7000
                Facsimile:  973-643-6500
                Email: asherman@sillscummis.com
                    bmankovetskiy@sillscummis.com

                *Proposed Counsel for Debtor and*
                *Debtor in Possession*